# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY CHAD WRIGHT,<br><br>Defendant. | Cause No. CV 12-00128-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Todd Horob has submitted a Complaint and motion to proceed *in forma pauperis*. DKT. 1.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Horob's motion to proceed in forma pauperis is included in his proposed Complaint but he has not provided an account statement as required by 28 U.S.C. § 1915(a)(1). Nevertheless, for efficiency, the Court will grant the motion and proceed to review Horob's Complaint.

28 U.S.C. § 1915(b)(1) requires Horob to pay the statutory filing

1

fee for this action of $350.00. The Court will assume Horob has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Horob will be directed to forward payments from Horob's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Horob is a federal prisoner proceeding without counsel. The named Defendant is Chad Wright. Mr. Wright has been appointed to represent Horob in the direct appeal of his criminal conviction.

### B. Allegations

Horob alleges Chad Wright will not produce to him the Court transcripts of the Grand Jury that indicted Horob. He alleges Mr. Wright is conspiring to defraud Horob of discovery. He contends

Wright has denied him due process.  *DKT 1 at 2.*

## III.  PRELIMINARY SCREENING OF THE COMPLAINT

### A.  Standard

Because Horob is a prisoner proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a *pro se* prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

3

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 95 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

Horob has, in prior actions, repeatedly raised the same allegations as are raised in this action. All such prior actions have been

dismissed. As with his prior cases, Horob's Complaint herein is frivolous and should be dismissed.

Mr. Wright is Horob's appointed counsel on his federal criminal appeal. Federal public defenders are not acting under color of federal law for purposes of an action filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) *citing Polk County v. Dodson*, 454 U.S. 312 (1981). In *Cox*, the court specifically held that "a public defender does not act under of color of law" and thus there was no federal jurisdiction over Cox's civil rights complaint. Thus, Horob similarly cannot establish a jurisdictional basis for a federal action against Mr. Wright.

Horob cites to *Polk County v. Dodson,* 454 U.S. 312 (1981)*,* in support of his contention that Mr. Wright has no immunity. However, the United States Supreme Court held in *Polk County* that a state public defender was not acting under color of state law and could not be sued under 42 U.S.C. § 1983. *Id. at 324-25* ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Like the

*Cox* case, the Supreme Court in *Polk County* held there was no jurisdictional basis for an action brought under 42 U.S.C. § 1983 against Polk County. The *Polk* case does not support Horob's claims but rather is the basis for this recommendation that this case be dismissed.

**IV. CONCLUSION**

Horob has failed to name a defendant acting under federal law, a jurisdictional defect which cannot be cured by amendment. The Complaint should be dismissed with prejudice.

**A. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing *in forma pauperis* civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal should be designated as a "strike" under this provision because Horob's case is malicious. "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005)(*citing Webster's Third New*

*International Dictionary* 1367 (1993)).  Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding *in forma pauperis* is subject to dismissal under 28 U.S.C. § 1915(e) as abusive.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915.  *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995).  It is malicious for a litigant to file a lawsuit that duplicates allegations of another federal lawsuit.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  Horob's claims are duplicative and have previously been dismissed.  *See* Civil Action Nos. 12-CV-00112-BLG-RFC and 12-CV-00116-BLG-RFC.  As such, this Complaint constitutes a malicious filing and a strike should be imposed

## B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of

> appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). An appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

As set forth above, Horob's Complaint is frivolous because it fails to present arguable substance in law or fact. The finding that Horob's claims are frivolous is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

8

**ORDER**

1.  Horob's Motion for Leave to Proceed *in forma pauperis* (*DKT 1*) is granted.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on September 26, 2012.

Further, the Court issues the following:

**RECOMMENDATIONS**

1.  Horob's Complaint (*DKT 1*) should be dismissed.

2.  The Clerk of Court should be directed to enter judgment pursuant to Fed.R.Civ.P. 58 and close this case.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose that an appeal would have merit.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Horob may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Horob files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Horob from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a

de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of October, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge