IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



FILED
OCT 25 2012
Clerk, U.S. District Court
District Of Montana
Billings

| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY CHAD WRIGHT,<br><br>Defendant. | Case No. CV-12-128-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
|---|---|

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 2*) with respect to Horob's Complaint. *Doc. 1.* Judge Ostby recommends the Complaint be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Horob has filed timely objections. *Docs. 4, 5, 6, 7, 8.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Horob's objections are overruled.

1

Horob alleges the attorney appointed to represent him in the direct appeal of his criminal conviction, Chad Wright, will not produce to him the Court transcripts of the Grand Jury that indicted Horob. He alleges Mr. Wright is conspiring to defraud Horob of discovery. He contends Wright has denied him due process.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to

pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Horob has, in prior actions, repeatedly raised the same allegations as are raised in this action. All such prior actions have been dismissed. As with his prior cases, Horob's Complaint herein is frivolous.

Mr. Wright is Horob's appointed counsel on his federal criminal appeal. Federal public defenders are not acting under color of federal law for purposes of an action filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) *citing Polk County v. Dodson*, 454 U.S. 312 (1981). In *Cox*, the court specifically held that "a public defender does not act under of color of law" and thus there was no federal jurisdiction over Cox's civil rights complaint. Similarly, Horob cannot establish a jurisdictional basis for a federal action against Mr. Wright.

Horob cites to *Polk County v. Dodson*, 454 U.S. 312 (1981), in support of his contention that Mr. Wright has no immunity. However, the United States Supreme Court held in *Polk County* that a state public defender was not acting under color of state law and could not be sued under 42 U.S.C. § 1983. *Id.* at 324-25 ("[A] public defender does not act under color of state law when

3

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Like the *Cox* case, the Supreme Court in *Polk County* held there was no jurisdictional basis for an action brought under 42 U.S.C. § 1983 against Polk County. The *Polk* case does not support Horob's claims but rather is the exact reason this case must be dismissed.

After a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety. Horob has failed to name a defendant acting under federal law, a jurisdictional defect which cannot be cured by amendment.

Furthermore, the Prison Litigation Reform Act prohibits prisoners from bringing *in forma pauperis* civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal will be designated as a "strike" under this provision because Horob's case is malicious. "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005)(citing Webster's Third New International Dictionary 1367 (1993)). Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding *in forma pauperis* is subject to dismissal

under 28 U.S.C. § 1915(e) as abusive. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995). It is malicious for a litigant to file a lawsuit that duplicates allegations of another federal lawsuit. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Horob's claims are duplicative and have previously been dismissed. See Civil Action Nos. 12-CV-00112-BLG-RFC and 12-CV-00116-BLG-RFC. As such, this Complaint constitutes a malicious filing and a strike must be imposed.

Additionally, the finding that Horob's claims are frivolous is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court does hereby certify that any appeal of this matter would not be taken in good faith.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Horob's Complaint is **DISMISSED**.

2. The Clerk of Court is directed to enter judgment pursuant to Fed.R.Civ.P. 58 and close this case.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose that an appeal would have merit.

DATED this 25 day of October, 2012.

_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE